IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANUEL ZARATE,

    Petitioner,

  v.

GREG LEWIS, Acting Warden,

    Respondent.
_____/

No. C 10-4727 CW (PR)

ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT

(Docket no. 16)

    Petitioner, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. The Court construed the petition as raising the following claims: (1) Petitioner's First Amendment rights were violated when prison officials confiscated his mail on the false ground that it was gang-related, (2) his Fourteenth Amendment right to due process was violated when prison officials, in response to his inmate appeal challenging the taking of his mail, falsely referred to him as an active gang member, and (3) his rights under the California Informational Practices Act (IPA) were violated by the creation and placement of false information in his prison file.

    After full briefing by the parties, the Court, by Order dated March 20, 2012, granted Respondent's motion to dismiss the petition and found Petitioner's claims not cognizable because (1) he had failed to show how the confiscation of his mail affects the fact or duration of his custody and, therefore, such claim must be brought under 42 U.S.C. § 1983 and not in a habeas

petition, (2) his allegations that the documents referring to his gang membership may result in a delay or denial of parole involve discretionary decisions too speculative to state a claim for habeas corpus relief and he has no liberty interest in the precise accuracy of his prison files under § 1983, and (3) his allegations of violations of the IPA concern matters of state law that do not present constitutional claims for habeas corpus relief or under § 1983.  Docket no. 13.  Consequently, the Court entered judgment in favor of Respondent.

Now pending before the Court is Petitioner's motion to alter or amend the judgment of dismissal.  A motion which challenges the Court's final judgment may be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir. 1991).  The present motion, which was filed within ten days of entry of judgment, will be treated as a motion to alter or amend the judgment under Rule 59(e).  See United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir. 1992).[1]  "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir. 1999) (internal quotation and citation omitted).

---

[1] Petitioner's motion is deemed filed on March 29, 2012, the date on which he signed the Proof of Service and delivered the motion to prison authorities for mailing.  See Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995)

2

In support of his motion, Petitioner argues that the Court misconstrued the nature of his claims. Specifically, he claims that his intent was to challenge his validation as a gang member and indeterminate sentence in the Secured Housing Unit (SHU) based on the contents of the confiscated mail and the placement of false information in his prison file. He maintains such claim can be brought in a habeas corpus action because his indeterminate retention in the SHU affects his ability to become eligible for parole.

As explained to Petitioner previously, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In particular, where, as here, a prisoner's successful challenge to his administrative segregation will not necessarily shorten his sentence, habeas jurisdiction does not lie. See id. In this case, even if Petitioner is successful in attacking his gang validation, expunging the records from his prison file and terminating his confinement in the SHU, "[t]he parole board will still have the authority to deny [his] request[ ] for parole on the basis of any of the grounds presently available to it in evaluating such a request." Id. (internal quotation and citation omitted). Because a successful claim would not necessarily result in Petitioner's release on parole, he may not proceed with his claim by way of federal habeas corpus.

Petitioner has not presented the Court with newly discovered evidence, shown that the Court committed clear error, or shown

3

1 | that there has been an intervening change in the controlling law
2 | that would change the Court's ruling. Accordingly, his motion to
3 | alter or amend the judgment of dismissal is DENIED.
4 |     This Order terminates Docket no. 16.
5 |     IT IS SO ORDERED.
6 | Dated: 12/27/2012

CLAUDIA WILKEN
United States District Judge